By the Court. Oakley, Ch. J.
One principal question presented by the case is whether the discharge of the principal debtor, Conner, from his debts, in the proceeding in bankruptcy, was a discharge of this collateral covenant executed by the defendant. It was contended that the bankrupt discharge was an extinguishment of Conner’s debt; and that consequently by the fair construction of the covenant executed by the defendant, his obligation is discharged.
It is clear that the effect of the bankrupt discharge was only to relieve the obligor from his personal liability, and to exonerate his subsequently acquired property from liability for existing debts. For all other purposes, and for many that are important, his debts remain unextinguished. Such is the law, as it is well settled. We refer to Storm v. Waddell, 2 Sandf. Ch. R. 494, 525, and the cases there cited. There is no doubt that this is the effect of a discharge in bankruptcy, and it cannot affect a collateral covenant like the one in suit.
The plaintiffs claim that by the true construction of the defendant’s covenant, he was bound to pay the whole seven per cent interest; as well the six per cent reserved in Conner’s bond, as the one per cent mentioned in his covenant; the effect of which would be to make him liable for a perpetual annuity equal to the interest on the amount of the bond, unless he should discharge the principal debt, or it should be otherwise extinguished.
As to this, we think by the' plain meaning.of the defendant’s *115 covenant, it extended only to one per cent interest on the amount of the bond. The six per cent interest was secured by the bond of Conner, and the only object of the covenant was to provide for an additional one per cent. It did not make the defendant liable for the six per cent already secured. He will continue to be liable for the one per cent, until the debt be discharged.
Judgment for the plaintiffs for the amount of the one per cen interest on the bond.